1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

AUDIO TOYS, INC.,

    Plaintiff,

v.

SMART AV PTY LTD.,

    Defendant.

No.  C 06-6298 SBA

**ORDER**

[Docket Nos. 24, 26]

Before the Court is defendant Smart AV Pty Ltd.'s (Smart) motion to dismiss for lack of personal jurisdiction and for inadequate service of process [Docket No. 24], and motion to vacate the default judgment entered against it [Docket No. 26].  After reading and considering the arguments presented by the parties, the Court finds these matters appropriate for resolution without a hearing.  *See* FED. R. CIV. P. 78.  For the reasons that follow, the motions are GRANTED.

**BACKGROUND**

On October 6, 2006, plaintiff Audio Toys, Inc. filed a complaint against Smart.  *See* Docket No. 1.  As there was no response, default was entered on October 30, 2006.  *See* Docket No. 6.  On November 29, 2006, default judgment was entered in favor of plaintiff Audio Toys and against defendant Smart in the amount of $201,051.86.  *See* Docket No. 9.  Smart now seeks to have the default judgment set aside.

Smart is an Australian corporation, of about eight employees, with its sole office located in Newington, New South Wales.  Smart makes and markets electronic equipment for use in the entertainment industry.  In November 2004, Smart entered into an agreement with Audio Toys.  Audio Toys alleges that Smart has failed to reimburse it for the costs of defective audio consoles manufactured by Smart.

Beginning on October 6, 2006, Smart attended a three day trade show at the Moscone Center in San Francisco and maintained a booth on the floor of the convention center.  The Smart booth was

manned by Luke Dearnley, a part-time employee of Smart from Australia. Dearnley has never been an officer or director of Smart. Dearnley promoted and demonstrated Smart products at the trade show, fielded questions regarding its products, and distributed advertising materials.

On October 6, 2006, Audio Toys served a copy of the summons and complaint in this action upon Dearnley. Smart contends this service was deficient and failed to confer personal jurisdiction. Dearnley has submitted a declaration that he did not understand the service of the summons and complaint upon him. *See* Docket No. 25, Ex. 1. He also states that he was not authorized by Smart to receive service of process on its behalf. *Id*. The defendant also avers that Dearnley did not deliver the summons and complaint to it until November 2006, which is why it did not timely respond to the complaint. Based on this, Smart requests the Court set aside the default judgment and dismiss this complaint.

## LEGAL STANDARDS

### 1. Setting Aside a Default Judgment

Under Federal Rule of Civil Procedure 60(b)(1), a court may grant relief from default judgment in cases of "mistake, inadvertence, surprise, or excusable neglect," provided that the party moves for such relief not more than a year after the judgment was entered. FED. R. CIV. P. 60(b)(1). Default judgment may also be set aside if "the judgment is void." FED. R. CIV. P. 60(b)(4). Default judgments are disfavored, and cases should be decided on their merits whenever reasonably possible. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). The interest in finality of judgment "should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

### 2. Motion to Dismiss for Inadequate Service of Process under 12(b)(5)

A court cannot exercise personal jurisdiction over a defendant without proper service of process. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists,*

2

*Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4"). A judgment is void where the requirements for effective service have not been met. *See Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992); *Veeck v. Commodity Enters., Inc.*, 487 F.2d 423, 426 (9th Cir. 1973).

Insufficient service of process may result in dismissal under Federal Rule of Civil Procedure 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing its sufficiency. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Sufficiency of process is determined by Rule 4. *See Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007). Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with its requirements.'" *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987) (citation omitted).

Rule 4(h) governs service over domestic and foreign corporations. Under Rule 4(h), a plaintiff may serve a corporation by delivering a copy of the summons to an officer, managing or general agent, or to any other authorized agent. In the Ninth Circuit, "service of process is not limited solely to officially designated officers, managing agents, or agent appointed by law for the receipt of process." *Direct Mail Specialists*, 840 F.2d at 688. Service may be made "'upon a representative so integrated with the organization that he will know what to do with the papers.'" *Id.* (citation omitted). Service on an individual who holds a position that indicates authority with the organization generally is sufficient. *Id.*

In the alternative, under Rule 4(h) service may be effected pursuant to the law of the state in which the district court is located or in which service is effected, in this case California. Under California law, a summon may be served on a corporation by delivering a copy of the summons and the complaint "[t]o the person designated as agent for service of process . . . [to] the president, chief

executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process . . . ." CAL. CIV. PROC. CODE § 416.10.

## ANALYSIS

### 1. Setting Aside the Default Judgment

In this case, setting aside the default judgment entered against Smart is warranted for two reasons. First, as will be discussed in greater detail below, the judgment is void due to insufficient service of process. Second, a default judgment may be lifted for "excusable neglect," which Smart has both invoked and demonstrated.

When a default judgment is challenged on grounds of excusable neglect, three factors, known as the *Falk* factors, inform a court's exercise of discretion: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 1000 (9th Cir. 2007); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).

#### a. Culpability

In the Ninth Circuit, a defendant's conduct is culpable for purposes of the *Falk* factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001).

Smart has offered a sufficiently benevolent explanation to clear the *Falk* standard. According to Smart, the person actually served was Luke Dearnley, a part-time subordinate employee who could not accept service of process. Dearnley, in turn, did not forward a copy of the summons and complaint to a higher-ranking employee of Smart until weeks later and after he returned to Australia.

#### b. Meritorious Defense

"A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden . . . is not extraordinarily heavy." *TCI*, 244 F.3d at 700 (citations

4

omitted). The moving party need only assert a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage. *See id.*

In this case Smart asserts a legal defense of lack of personal jurisdiction and insufficient service of process. It has put forth enough factual and legal grounds to sufficiently raise these defenses. Indeed, as will be seen, these defenses are meritorious in fact, as well as being sufficiently asserted.

### c. Prejudice

Having to try a case on the merits is not by itself sufficient prejudice. *See TCI*, 244 F.3d at 701("To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case"). "[T]he standard is wether [the plaintiff's] ability to pursue his claim will be hindered." *Id.* (citation omitted). "[T]he delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (citation omitted).

Plaintiff Audio Toys states that it if the default judgment is set aside, it "fears that SMART AV will either move or hide assets." Docket No. 29, at 9. Audio Toys has offered no evidence that this fear on its part has a substantive basis. Having offered no other grounds, Audio Toys has not demonstrated prejudice from the lifting of the default judgment.

Therefore, the default judgment entered against defendant Smart on November 29, 2006, in the amount of $201,051.86, is hereby vacated.

### 2. Service of Process

The burden is on Audio Toys to demonstrate effective service upon Smart. It has not done so. There is no assertion that Dearnley was an officer, a managing agent, or an agent appointed by law for accepting receipt of service of process. In the absence of this, there must be some indication that Dearnley had some position of authority within Smart, or was a representative of Smart so integrated with the organization that he would know what to do with the papers. *See Direct Mail Specialists*, 840 F.2d at 688.

Here there is very little evidence on Dearnley's place within the Smart organization. The evidence before the Court is limited to the declaration of Larry D. Droppa, president of Audio Toys. Droppa attended the trade show at the Moscone Center and observed Dearnley providing informational materials and instructional information to potential and existing customers. *See* Docket No. 27, Ex. 2 (Droppa Decl.). He also observed Dearnley demonstrating the capabilities of Smart's products. *Id*. at 2. On one point Audio Toys's general manager, Gordon Smart, approached Dearnley and spoke briefly with him. *Id*. Dearnley provided Gordon Smart with a business card that reflected that he was an employee of the defendant. *Id*. at 2-3.

Taking all the facts presented by Audio Toys at true, Dearnley was an employee manning a booth at a trade show on behalf of Smart on the floor of a convention center. As characterized by Audio Toys, Dearnley was a product specialist who gave demonstrations of products offered by Smart and distributed advertising materials. This fails to demonstrate that Dearnley had any position of authority within Smart or was sufficiently integrated into the organization that he could accept service of process on its behalf. This same paucity of evidence also makes it impossible to conclude that Dearnley was a "general manager" of Smart for purposes of an alternative analysis of service of process under California law as laid out in California Civil Procedure Code section 416.10.

The manager of Smart, David Hannay, was also present at the trade show. *See* Docket No. 32, Ex. 8 (Hannay Decl.). Based on this, Audio Toys maintains that it is "reasonably certain that Mr. Dearnley would have advised Mr. Hannay of service of the lawsuit upon SMART AV during the time they were in attendance at the trade show." Docket No. 27, at 7. This would seem a fairly reasonable assumption. Nonetheless, the Court has to focus on the person served, in this case Dearnley, not Hannay, and not engage in or predicate its legal findings on assumptions. Moreover, even actual notice of the complaint will not provide personal jurisdiction where there is not substantial compliance with Rule 4. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *cert. denied*, 484 U.S. 870 (1987). Thus, even if Hannay had actual notice of the complaint at the trade show, the failure to substantially comply with Rule 4 prevents the Court from exercising personal jurisdiction over Smart.

Audio Toys has not demonstrated sufficient service of process upon Smart. Therefore this Court lacks personal jurisdiction over the defendant. It also means that the default judgment entered against Smart is void and must be vacated.

Finally, under Federal Rule of Civil Procedure 4, a plaintiff must serve a defendant with a copy of summons and complaint within 120 days of filing a complaint. Audio Toys's complaint was filed on October 6, 2006, well over four months ago. When a plaintiff fails to properly serve a defendant within 120 days of filing the complaint, the Court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time." FED. R. CIV. P. 4(m).

## CONCLUSION

Accordingly, the Court GRANTS defendant Smart AV Pty Ltd.'s motion to dismiss for lack of personal jurisdiction and for inadequate service of process [Docket No. 24]. The Court further GRANTS the defendant's motion to vacate the default judgment entered against it [Docket No. 26]. The Clerk of Court is directed to VACATE the default judgment entered against the defendant Smart AV Pty Ltd. and to close the case file and all pending matters related to it.

IT IS SO ORDERED.

June 6, 2007

*Saundra B Armstrong*
Saundra Brown Armstrong
United States District Judge